UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BARNETT et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SAN JOSE, <br><br> Defendant. | Case No. 18-cv-01383-JD <br><br> **ORDER RE MOTION TO DISMISS** <br> Re: Dkt. No. 49 |

In March 2018, over 300 firefighter employees working for the City of San Jose filed seven related actions[1] alleging that San Jose violated the overtime compensation requirement of the Fair Labor Standards Act ("FLSA"). *See* 28 U.S.C. § 207; 29 C.F.R. § 553.230. The cases were stayed during an appeal of a summary judgment order against the plaintiffs in a similar action, *Wallace v. City of San Jose*, 16-cv-4914-HRL. Dkt. No. 36.[2] In February 2020, after the order was affirmed, the Court lifted the stay and directed the employees to file a consolidated complaint, Dkt. No. 45, which they did on March 9, 2020, Dkt. No. 46.

San Jose asks to dismiss the consolidated complaint under Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to allege facts sufficient to state a plausible FLSA claim. Dkt. No. 49; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). San Jose also says that eight of the plaintiffs from the

---

[1] The seven related actions are: *Barnett v. City of San Jose*, 18-cv-1383-JD; *Crivelo v. City of San Jose*, 18-cv-1386-JD; *Ryan v. City of San Jose*, 18-cv-1390-JD; *Belton v. City of San Jose*, 18-1393-JD; *Escobar v. City of San Jose*, 18-cv-1394-JD; *Conde v. City of San Jose*, 18-cv-1403-JD; and *Westcott v. City of San Jose*, 18-cv-1406-JD.

[2] The order concluded that pay records submitted by San Jose refuted the plaintiffs' FLSA allegations. *Wallace*, No. 16-cv-4914-HRL, Dkt. No. 69 at 13-14, 2018 WL 2197721, at *8-9 (N.D. Cal. May 14, 2018), *aff'd*, 799 F. App'x 477 (9th Cir. 2020).

*Crivelo* action are time-barred. Dkt. No. 49 at 12-13. Their attorney has voluntarily dismissed them from the case, which resolves this issue. Dkt. No. 54.

For San Jose's argument on the pleadings, the consolidated complaint alleges enough facts to state a plausible violation of the FLSA. The FLSA "sets a national minimum wage" and "requires overtime pay of one and a half times an employee's hourly wage for every hour worked over 40 hours in a week." *Probert v. Family Centered Services of Alaska, Inc.*, 651 F.3d 1007, 1009-10 (9th Cir. 2011) (citing FLSA § 207(a)(1)). It is a remedial statute "'to be liberally construed to apply to the furthest reaches consistent with Congressional direction.'" *Id.* at 1010 (quoting *Dent v. Cox Communications Las Vegas, Inc.*, 502 F.3d 1141, 1146 (9th Cir. 2007)).

A plaintiff alleging an FLSA violation "may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014). "[A]t a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." *Id.*

The consolidated complaint satisfies these straightforward standards. It alleges that San Jose has incorrectly calculated plaintiffs' overtime compensation, resulting in payment of less than is required under the FLSA. Dkt. No. 46 ¶ 10. For plaintiffs Barnett, Lang, Augustine, and Ochoa, it specifically identifies a work period for each of them, identifies the number of regular and overtime hours worked in that period down to the 0.5-hour mark, and expressly states the number of overtime hours worked without full overtime compensation. *Id.* ¶¶ 11-14. For the other plaintiffs, the consolidated complaint alleges that each of them worked one or more specific work periods for which they were not paid the full amount of FLSA overtime compensation. *Id.* ¶ 15. It attaches and incorporates by reference a chart showing for each plaintiff the relevant work period by specific dates, and the overtime amount alleged to be unpaid. *Id*; Dkt. No. 46-1. Consequently, the consolidated complaint "alleges facts showing that there was a given" work period in which each employee "was entitled to but denied . . . overtime wages," which is all that

is required to state a plausible claim under the FLSA. *Landers*, 771 F.3d at 645.

San Jose does not meaningfully dispute this conclusion, but says that plaintiffs should have added more facts to explain the "context" of the FLSA violations. Dkt. No. 49 at 10-11. That is not demanded by Rule 8 or *Landers*. Our circuit expressly declined to impose a requirement that an FLSA plaintiff allege detailed information beyond the key facts of the relevant work period and the hours worked, mainly because those details are typically "in the control of the defendants." *Landers*, 771 F.3d at 645. To require more of plaintiffs at the pleading stage would unduly frustrate the broad remedial goals of the FLSA and put plaintiffs into an impossible situation of pleading facts to which they do not have ready access. San Jose also slights the express allegation in the consolidated complaint that the overtime violation was due to taking an unauthorized credit under the FLSA and accompanying regulations. Dkt. No. 46 ¶ 10. The consolidated complaint alleges all of the required elements for an FLSA claim, and gives fair notice to San Jose of the basis of the claims against it. *See McDonald v. Kiloo ApS*, 385 F. Supp. 3d 1022, 1030 (N.D. Cal. 2019) ("The allegations in the complaint must be sufficiently clear and concrete to give the defendant an 'idea [of] where to begin' in preparing a response to the complaint.") (alteration in original) (quoting *Twombly*, 550 U.S. at 565 n.10). Nothing more is required.

San Jose also asks to dismiss plaintiffs' claim for declaratory relief on the grounds that it duplicates the FLSA claims and is just a remedy. Dkt. No. 49 at 11-12; Dkt. No. 51 at 7. Even if that proposition were taken as true for present purposes, it is no bar to this claim. *See* 28 U.S.C. § 2201(a) (court may declare rights and legal relations "whether or not further relief is or could be sought"); Fed. R. Civ. P. 57 ("The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate."). In addition, the claim for declaratory relief appears to implicate the interpretation of a labor agreement, Dkt. No. 46 ¶ 22, and so may "'serve a useful purpose in clarifying and settling the legal relations in issue.'" *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1056-57 (9th Cir. 2008) (quoting *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985)).

The motion to dismiss is denied. San Jose is directed to file an answer to the consolidated complaint by August 11, 2020.

**IT IS SO ORDERED.**

Dated: July 21, 2020

JAMES DONATO
United States District Judge